DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
The State of Ohio appeals an order of the Lorain County Court of Common Pleas that suppressed evidence obtained as the result of an investigatory stop and subsequent search of Defendant. We reverse.
On August 9, 1998, police officers for the City of Lorain were dispatched to disperse a large party underway at the Eagle's Nest on Broadway Avenue. Officer Ricardo Soto, who responded to the scene, estimated that there were several hundred people in attendance when he arrived. In the course of the officers' efforts to disperse the crowd, Officer Soto encountered Defendant, who was inside a vehicle along with four other individuals. Officer Soto observed as one passenger of the vehicle appeared to take steps to hide drug paraphernalia. He asked the occupants to exit the vehicle and conducted protective pat-downs of each. Defendant was carrying a backpack, which Officer Soto also opened. Inside the bag, Officer Soto identified a substance that appeared to be powder cocaine and a blue carrying case. Officer Soto opened the case and observed several items of drug paraphernalia and elements of drug residue.
Officer Soto placed Defendant under arrest for disorderly conduct and failure to disperse. On September 9, 1998, Defendant was indicted on one count of possession of cocaine, a violation of R.C. 2925.11(A), and one count of possession with intention to use drug paraphernalia, a violation of R.C. 2925.14(C)(1). On October 19, 1999, Defendant moved to suppress all evidence acquired as a result of the search. The trial court granted the motion on March 9, 1999, following a hearing. The state timely appealed, pursuant to Crim.R. 12(J) and R.C. 2945.67(A), and raises one assignment of error.
ASSIGNMENT OF ERROR I
The trial court erred in granting Defendant's motion to suppress evidence.
"When considering a motion to suppress, the trial court assumes the role of trier of fact and thus, stands in the best position to resolve issues of fact and witness credibility."State v. Cumberledge (Sept. 16, 1998), Lorain App. No. 97CA006959, unreported, at 5, quoting Cuyahoga Falls v. Stephenson
(June 18, 1997), Summit App. No. 18011, unreported, at 4-5. While we defer to the findings of the trial court on a motion to suppress provided that they are supported by competent, credible evidence, our review of the application of the law to the facts isde novo. State v. McNamara (1997), 124 Ohio App.3d 706, 710.
The protection of the Fourth Amendment prohibition against unreasonable searches extends only to conduct that is actually a search. Absent the restraint of an individual by the use of force or demonstration of authority, interactions between the public and the police do not constitute searches. Terry v. Ohio,392 U.S. at 1, 19, 20 L.Ed.2d 889, 905 fn. 16. Similarly:
 [l]aw enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place. * * * [T]he mere approach and questioning of persons seated within parked vehicles does not constitute a seizure so as to require reasonable suspicion supported by specific and articulable facts.
(Citations omitted.) State v. Johnston (1993), 85 Ohio App.3d 475,478. This court has noted that these encounters "become seizures only when circumstances change such that officers demonstrate a sufficient show of authority which results in a reasonable person concluding that he must comply." Cuyahoga Fallsv. Sandstrom (June 21, 1995), Summit App. No. 17000, unreported, at 6-7.
In this case, a stop within the meaning of the Fourth Amendment did not occur when the officers approached the parked vehicle in which Defendant was a passenger. Rather, a stop was initiated at the point when Officer Soto asked the occupants to step from the vehicle.[1]
A police officer may stop a civilian to investigate unusual behavior, even absent probable cause to make an arrest, when the officer reasonably suspects that the civilian is engaged in criminal activity. State v. Andrews (1991), 57 Ohio St.3d 86, 87, certiorari denied (1991), 501 U.S. 1220, 115 L.Ed.2d 1115, citingTerry v. Ohio (1968), 392 U.S. 1, 20 L.Ed.2d 889. This belief cannot be justified by mere intuition, but must instead be grounded in specific, articulable facts and such rational inferences as may be drawn from those facts. Terry v. Ohio,392 U.S. at 21-22, 20 L.Ed.2d at 906-07. The propriety of an investigative stop must be assessed in light of the totality of the surrounding circumstances as viewed through the eyes of the reasonable police officer who must confront those circumstances on the scene. State v. Andrews, 57 Ohio St.3d at 87-88.
Officer Soto testified that as he approached the passenger side of the vehicle, he observed that one passenger was in possession of what appeared to be a plastic bag containing drugs along with drug paraphernalia. Patrolman Smith confirmed that he also saw a plastic bag that appeared to contain heroin. Both officers recalled that the passenger attempted to pass the contraband into the backseat. The officers also noted that each of the occupants wore a white surgical mask. Based on these observations, the officers asked the occupants to step from the vehicle. This request was reasonable in light of the officers' suspicion that illegal drugs were present in the vehicle, and an investigatory stop at that point was justified.
In the course of a constitutionally valid stop, an officer may conduct a limited search of the subject for weapons when, considering the totality of the circumstances, a reasonably prudent person would be justified in believing that his safety was at risk. Terry v. Ohio, 392 U.S. at 392, 20 L.Ed.2d at 909. A pat-down of the subject's person pursuant to standard police safety procedures is justified. See State v. Evans (1993),67 Ohio St.3d 405, 409, certiorari denied (1994), 510 U.S. 1166,127 L.Ed.2d 544. The ultimate issue is "whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." State v. Armstrong
(1995), 103 Ohio App.3d 416, 423, quoting Terry v. Ohio,392 U.S. at 27, 20 L.Ed. at 909.
Officer Soto and Patrolman Smith concurred in a suspicion that drugs were involved in the incident in the Eagle's Nest parking lot. Having seen what appeared to have been drug contraband, the two officers were justified in requesting the occupants to exit the vehicle. Given that Officer Soto and Patrolman Smith reasonably suspected, from their visual observations, that illegal drug use was at play, and that they were outnumbered in the confrontation by a ration of five-to-two, the officers were also justified in conducting a pat-down of the occupants for weapons.
When Defendant exited the car, he was wearing a backpack. Officer Soto testified that the backpack was of standard size and was capable of concealing a weapon and, similarly, that the case located inside the backpack could contain a weapon. Although a container, a backpack worn in this manner "is also an extension of [the subject's] person and an object in which a weapon could be easily secreted." See State v. Herren (July 29, 1994), Huron App. No. H-93-54, unreported, 1994 Ohio App. LEXIS 3308 at *5. See, also, State v. Rutledge (Feb. 27, 1998), Montgomery App. No. 16577, unreported, 1998 Ohio App. LEXIS 1643 at *6-8; U.S. v.Williams (C.A.6 1992), 962 F.2d 1218, 1223-24. Officer Soto's search of Defendant's backpack and container was "strictly circumscribed by the exigencies which justif[ied] its initiation * * * [and was] limited to that which [was] necessary for the discovery of weapons which might be used to harm the officer or others nearby[.]" See Terry v. Ohio, 392 U.S. at 26,20 L.Ed. at 908.
The initial stop and the extension thereof were justified by a reasonable and articulable suspicion of criminal activity. Likewise, the protective search of Defendant's person and backpack were justified by the officers' reasonable concern for their safety and were limited in scope. The trial court's conclusion to the contrary is erroneous, and the State's assignment of error is well taken.
The State's assignment of error is sustained, and the judgment of the trial court is reversed.
Judgment reversed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
LYNN C. SLABY FOR THE COURT BAIRD, P.J., CARR, J., concur
[1] We note, however, that the facts of this case would be sufficient to support a stop at the point when the officers approached the car. Specifically, Officer Soto and Patrolman Smith approached the vehicle in which Defendant was an occupant in the course of their overall objective of dispersing the crowd in and near the Eagle's nest parking lot. Officer Soto recalled that the police had ordered other vehicles to leave the area; that other drivers had begun to disperse; and that the vehicle in question had remained in its position prior to their approach despite the police activity at the scene. He noted that the occupants "were not listening to police orders." Patrolman Smith confirmed this assessment. These facts would be sufficient to justify an investigatory stop based on a reasonable suspicion that the occupants were engaged in criminal activity. The trial court's conclusion to the contrary was incorrect.